## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | | |
|---|---|---|
| **ISABELL McQUEEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **FILE NO. 2:07-CV-353-WKW** |
| | : | |
| **CERTEGY PAYMENT** | : | |
| **RECOVERY SERVICES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## CERTEGY PAYMENT RECOVERY SERVICES, INC. TO COMPLAINT

Defendant Certegy Payment Recovery Services, Inc. ("Certegy"), by and through its undersigned attorneys, files its Answer and Affirmative Defenses to the Complaint of Isabell McQueen in this action as follows:

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it is otherwise imposed on Plaintiff, Certegy asserts the following affirmative defenses to the Complaint:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### Third Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and ratification.

### Fourth Defense

Plaintiff has failed to mitigate her alleged damages, entitlement to which is expressly denied.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or release.

### Sixth Defense

Plaintiff's claims are barred in whole or in part by comparative or contributory negligence.

### Seventh Defense

Any alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), which Certegy strongly denies, was not intentional, but resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to prevent such errors.

### Eighth Defense

Any alleged violation of the FDCPA, which Certegy strongly denies, was not intentional, and therefore cannot form the basis for an award of damages for emotional

distress, shame, humiliation, anger, helplessness, or frustration.

## Ninth Defense

Certegy substantially complied with the provisions of the FDCPA.

## Tenth Defense

An indispensable party has not been named in this action, and such party may be wholly or party liable for the alleged damages to Plaintiff.

## RESPONSE TO NUMBERED PARAGRAPHS

Certegy responds to the numbered paragraphs of the Complaint as follows:

## Jurisdiction and Venue

1.

In response to the allegations contained in Paragraph 1 of the Complaint, Certegy states that it does not contest jurisdiction in this action.

2.

Certegy denies the allegations contained in Paragraph 2 of the Complaint.

3.

In response to the allegations contained in Paragraph 3 of the Complaint, Certegy states that it does not contest venue in this matter.

## Parties

4.

In response to the allegations contained in Paragraph 4 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.

In response to the allegations contained in Paragraph 5 of the Complaint, Certegy states that it is a Georgia corporation with its principal place of business in St. Petersburg, Florida, and it is registered to do business, and does business, in the State of Alabama.  Certegy specializes in the collection of unpaid checks.  Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 5 of the Complaint.

## Statement of Facts

6.

In response to the allegations contained in Paragraph 6 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.

In response to the allegations contained in Paragraph 7 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.

In response to the allegations contained in Paragraph 8 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.

In response to the allegations contained in Paragraph 9 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.

In response to the allegations contained in Paragraph 10 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.

In response to the allegations contained in Paragraph 11 of the Complaint, Certegy states that, on occasion, it has communicated with Plaintiff by letters, the terms of which speak for themselves. Certegy is not aware of sending any such letters

to Plaintiff within the one-year statute of limitations period contained in the FDCPA. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

In response to the allegations contained in Paragraph 12 of the Complaint, Certegy states that, on occasion, it has communicated with Plaintiff by letters, the terms of which speak for themselves. Certegy is not aware of sending any such letters to Plaintiff within the one-year statute of limitations period contained in the FDCPA. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.

In response to the allegations contained in Paragraph 13 of the Complaint, Certegy states that, on occasion, it has communicated with Plaintiff by letters, the terms of which speak for themselves. Certegy is not aware of sending any such letters to Plaintiff within the one-year statute of limitations period contained in the FDCPA. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

In response to the allegations contained in Paragraph 14 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.

In response to the allegations contained in Paragraph 15 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.

In response to the allegations contained in Paragraph 16 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.

In response to the allegations contained in Paragraph 17 of the Complaint, Certegy admits that Plaintiff communicated with Certegy by telephone, but Certegy denies that Plaintiff apprised Certegy of the complete facts and circumstances necessary to respond to her concerns or provided Certegy with necessary documentation.  Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

In response to the allegations contained in Paragraph 18 of the Complaint, Certegy admits that it placed calls to Plaintiff on occasion with regard to certain checks, but Certegy denies that it demanded payment from Plaintiff, and denies that Plaintiff apprised Certegy of the complete facts and circumstances necessary to respond to her concerns or provided Certegy with necessary documentation. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

In response to the allegations contained in Paragraph 19 of the Complaint, Certegy admits that it spoke to Plaintiff on occasion with regard to certain checks, but Certegy denies that Plaintiff apprised Certegy of the complete facts and circumstances necessary to respond to her concerns or provided Certegy with necessary documentation. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.

In response to the allegations contained in Paragraph 20 of the Complaint, Certegy admits that it spoke to Plaintiff on occasion with regard to certain checks, but Certegy denies that it demanded payment from Plaintiff, and denies that Plaintiff apprised Certegy of the complete facts and circumstances necessary to respond to her

concerns or provided Certegy with necessary documentation.  Except as expressly

admitted herein, Certegy denies the remaining allegations contained in Paragraph 20

of the Complaint.

21.

Certegy denies the allegations contained in Paragraph 21 of the Complaint.

22.

Certegy denies the allegations contained in Paragraph 22 of the Complaint.

23.

Certegy denies the allegations contained in Paragraph 23 of the Complaint.

24.

In response to the allegations contained in Paragraph 24 of the Complaint,

Certegy states that, to date, it has not located a facsimile from Plaintiff or Plaintiff's

counsel sent in August or December 2006.  Except as expressly stated herein, Certegy

denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.

In response to the allegations contained in Paragraph 25 of the Complaint,

Certegy admits that it spoke to Plaintiff on occasion with regard to certain checks, but

Certegy denies that it demanded payment from Plaintiff, and denies that Plaintiff

apprised Certegy of the complete facts and circumstances necessary to respond to her

concerns or provided Certegy with necessary documentation.  Except as expressly

admitted herein, Certegy denies the remaining allegations contained in Paragraph 25 of the Complaint.

## 26.

In response to the allegations contained in Paragraph 26 of the Complaint, Certegy admits that it received a facsimile from Plaintiff's attorney in January 2007 attaching a police report dated May 14, 2004, and a document regarding account ***234816. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 26 of the Complaint.

## 27.

In response to the allegations contained in Paragraph 27 of the Complaint, Certegy admits that it called Plaintiff on occasion in January 2007, but Certegy denies that it demanded payment from Plaintiff, and denies that Plaintiff apprised Certegy of the complete facts and circumstances necessary to respond to her concerns or provided Certegy with necessary documentation. Except as expressly admitted herein, Certegy denies that remaining allegations contained in Paragraph 27 of the Complaint.

## 28.

In response to the allegations contained in Paragraph 28 of the Complaint, Certegy admits that it received a letter from Plaintiff's attorney dated January 17, 2007, the terms of which speak for themselves. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.

In response to the allegations contained in Paragraph 29 of the Complaint, Certegy admits that it has not contacted Plaintiff with regard to any of her checks since January 2007, but Certegy expressly denies any allegation that any previous contact with Plaintiff was in violation of any state or federal law.  Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.

Certegy denies the allegations contained in Paragraph 30 of the Complaint.

**First Cause of Action:**
**Declaratory Relief**

Certegy hereby incorporates by reference Paragraphs 1-30 of this Answer as if fully and completely set forth herein.

31.

In response to the allegations contained in Paragraph 31 of the Complaint, Certegy states that it has agreed to release all claims against Plaintiff related to checks written on account ***234816.  Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.

Certegy denies the allegations contained in Paragraph 32 of the Complaint.

11

33.

In response to the allegations contained in Paragraph 33 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34.

In response to the allegations contained in Paragraph 34 of the Complaint, Certegy states that it has agreed to release all claims against Plaintiff related to checks written on account ***234816. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.

In response to the allegations contained in Paragraph 35 of the Complaint, Certegy states that it has agreed to release all claims against Plaintiff related to checks written on account ***234816. Except as expressly admitted herein, Certegy denies the remaining allegations contained in Paragraph 35 of the Complaint.

**Second Cause of Action**
**Fair Debt Collections Practices Act**

Certegy hereby incorporates by reference Paragraphs 1-35 of this Answer as if fully and completely set forth herein.

36.

In response to the allegations contained in Paragraph 36 of the Complaint, Certegy states that it admits that it is a debt collector regulated by the FDCPA.

12

37.

In response to the allegations contained in Paragraph 37 of the Complaint, Certegy states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38.

Certegy denies the allegations contained in Paragraph 38 of the Complaint.

39.

Certegy denies the allegations contained in Paragraph 39 of the Complaint.

40.

Certegy denies the allegations contained in Paragraph 40, including each of its subparts, of the Complaint.

41.

Certegy denies the allegations contained in Paragraph 41 of the Complaint.

42.

Certegy denies the allegations contained in Paragraph 42 of the Complaint.

\*       \*       \*

Except as otherwise expressly admitted above, Certegy denies any and all allegations in the Complaint, including those on page 1 of the Complaint.

\*       \*       \*

WHEREFORE, Certegy respectfully requests that the Complaint be dismissed with prejudice, that Certegy's costs in defending this action, including reasonable attorneys' fees, be assessed against Plaintiff, and Certegy have such other and further relief as is just and proper.

Respectfully submitted this 18th day of May 2007.

**Ball, Ball, Matthews & Novak, P.A.**


s/ B. Saxon Main
B. Saxon Main (MAI005)
One of the Attorneys for Defendant
Certegy Payment Recovery Services, Inc.

**Of Counsel:**

Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone:  (334) 387-7680
Fax:  (334) 387-3222
Email:  smain@ball-ball.com

David G. Russell (Georgia Bar No. 620350)
Jodi E. Zysek (Georgia Bar No. 247407)
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Telephone:  (404) 523-5300
Fax:  (404) 522-8409
Email:  drussell@phrd.com
Email:  jzysek@phrd.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2007, I electronically filed the foregoing with the Clerk of the Court, using the AlaFile system which will send notification of such filing to the following registered persons and that those persons not registered with the AlaFile system were served by U.S. mail:

> Edward McCoy Wayland, Esq.
> P.O. Box 17
> Montgomery, Alabama  36101
> edwayland@yahoo.com

> <u>s/ B. Saxon Main</u>
> B. Saxon Main