IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**ISABELL McQUEEN,**

      **Plaintiff,**

v.

                                                    Civil Action No.
                                                    2:07-cv-353-WKW

**CERTEGY PAYMENT RECOVERY**
   **SERVICES, INC.**

      **Defendant.**


**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

    1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Edward M. Wayland, Esq., counsel for the plaintiff, and Jodi Emmert Zysek, Esq., counsel for the defendant, have conferred by telephone for the purpose of setting forth and agreeing to a proposed plan for discovery and other pre-trial matters as required by this Court's Rule 26(f) Order, entered May 24, 2007 (Doc. No. 5). As a result of these communications, counsel for the parties propose the following Pre-Trial Plan:

    2. Pre-Discovery Disclosures. The parties will exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by June 27, 2007.

    3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects: the circumstances leading to the presentation and cashing of the checks which led to this dispute; the communications between the parties regarding responsibility for these checks; the information available to the defendant to evaluate the validity of the checks and the plaintiff's responsibility for them; the damages

alleged by the plaintiff; violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq.; any procedures of the defendant to avoid engaging in efforts to collect money from persons who do not owe it; and all affirmative defenses pled.

      b. Disclosure or discovery of electronically stored information should be handled as follows: defendant will produce hard copies or pdf's of responsive non-privileged electronically stored information.

      c. The parties will submit to the Court as part of its proposed consent protective order procedures regarding claims of privilege or of protection as trial-preparation material asserted after production.

      d. All discovery will end on December 15, 2007, and all requests for discovery will be served in time for responses to be completed by that date.

      e. The plaintiff will be permitted to propound a maximum of 40 interrogatories to defendant and the defendant will be permitted to propound a maximum of 40 interrogatories collectively to the plaintiff.

      f. The plaintiff will be permitted to propound a maximum of 30 requests for admission to defendant and the defendant will be permitted to propound a maximum of 30 requests for admission collectively to the plaintiff.

      g. The plaintiff will be permitted to take a maximum of 5 depositions and the defendant will be permitted to take a maximum of 5 depositions.

      h. Each deposition, other than of experts, will be limited to a maximum of seven hours unless extended by agreement of the parties or by order of this Court.

      i. Reports from retained experts under rule 26(a)(2) shall be due from the plaintiff by September 2, 2007 and from the defendant by October 2, 2007.

j. Supplementation of discovery responses under Rule 26 shall be due on September 15, 2007 and on October 15, 2007. Supplementation after October 15, 2007 shall be made as required by Rule 26.

k. The limitations and time limits on discovery set forth herein may be changed by agreement of the parties or by order of the Court for good cause shown.

4. Other items:

a. The parties do not request a conference with the Court before entry of this scheduling order.

b. The parties request a pre-trial conference in February 2008.

c. The plaintiff shall have until July 31, 2007 to join additional parties or to amend their pleadings in this matter. The defendant shall have until August 31, 2007 to join additional parties or to amend their pleadings in this matter.

e. All potentially dispositive motions should be filed by November 1, 2007.

f. The parties have already begun settlement discussions, and they expect that these discussions will be on-going.

g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties not less than 30 days before the trial date.

h. Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

i. The parties should exchange proposed jury instructions not later than 14 days before the trial date and exchange objections to proposed instructions not later than 3 days before the trial date. They shall provide the Court with a set of jury instructions which have been agreed to

at the beginning of the trial. The parties will be free to propose additional instructions as appropriate during the trial.

 j. The parties request a final pre-trial conference, as described in this Court's Rule 26(f) Order dated May 24, 2007, on or about February 1, 2008.

 k. The parties request that the trial be scheduled to take place at the Court's March 24, 2008 term date.

            Respectfully submitted,

            ISABELL McQUEEN
            Plaintiff
            By Counsel


            CERTEGY PAYMENT RECOVERY
            SERVICES, INC.
            Defendant
            By Counsel


s/ Edward M. Wayland_____
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff


s/Jodi Emmert Zysek _____
Jodi Emmert Zysek, Esq.
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Denter Avenue, N.E.
Atlanta, GA   30303
(404) 523-5300

(404) 522-8409 (fax)
jez@phrd.com

B. Saxon Main, Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL   36102-2148
(334) 387-7680
(334) 387-3222 (fax)
smain@ball-ball.com

Counsel for Defendant