IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ISABELL McQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv353-WKW |
| | ) | |
| CERTEGY PAYMENT RECOVERY SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION
AND ENTRY OF CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER**

Upon consideration of the parties' Joint Motion for Entry of a Confidentiality Agreement and Protective Order (Doc. #13) to protect certain confidential and proprietary information subject to discovery, filed on July 20, 2007, and for good cause, it is

ORDERED that the motion (Doc. #13) is GRANTED. It is further

ORDERED:

1. Plaintiff and Certegy (collectively, the "Parties") acknowledge that they will be exchanging documents and information solely because they are parties to the above-captioned litigation and thus agree that all information exchanged between them will be used only for purposes of this particular litigation and for no other purpose.

2. The Parties also acknowledge that it is likely that the Parties will produce in this litigation information that is confidential, proprietary, trade secrets, development,

technology, competitively sensitive information, or other business information, or of a sensitive, personal, private nature.

3. "Information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

4. The Parties may designate as "Confidential Information," Information that is not in the public domain, in which event such Confidential Information shall be treated as follows:

The Parties agree that Confidential Information may not be shown or disclosed to any person other than: (i) counsel of record to a party, including paralegals, secretaries, and support personnel working for that attorney on this litigation; (ii) the parties themselves, including those employed by the party who are involved in the facts underlying the litigation or involved in the prosecution or defense of the litigation and who counsel to the party believes need access to the Confidential Information, provided that such employees or other persons agree to abide by the terms of this Confidentiality Agreement and Protective Order as evidenced by his or her signature on the form annexed hereto as Exhibit A ("Acknowledgment"); and (iii) witnesses, including experts retained by or on behalf of the party, provided the witness executes the Acknowledgment. Counsel shall maintain each executed Acknowledgment and provide true and correct copies of all such Acknowledgments upon request of another party. Notwithstanding the foregoing, counsel has no obligation to

provide a true and correct copy of any Acknowledgment executed by an expert not to be called as a witness at trial; provided that, counsel agrees to be responsible for any unauthorized disclosure of Confidential Information by the non-testifying expert.

At the conclusion of the litigation between the Parties, including any appeals, all Confidential Information that is in physical tangible form, shall be either destroyed or returned with all reproductions of such material to the designating party. Within thirty (30) days of the conclusion of the litigation, the party receiving the Confidential Information shall certify in writing that the party receiving the Confidential Information has complied with the provisions of this paragraph and indicating the method of compliance.

5. The Parties may designate Information as Confidential Information in the following manner:

If the Confidential Information is a Document, the designating party shall mark, label or stamp the document as Confidential on the face of the document.

If the Information is contained in a response to a discovery request, the designating party shall designate the response as confidential when responding to the request.

If the Confidential Information is contained in testimony offered at any deposition or hearing of the case or otherwise, the designating party shall designate the Information as confidential on the record at the time the testimony is offered or within ten (10) days of receiving the transcript of such testimony.

At the time Confidential Information is designated as confidential, the designating party shall explain the basis for the claim of confidentiality.

6. Because this Order provides a mechanism for the protection of Confidential Information which may be disclosed in documents or otherwise, the parties may not assert that information is confidential or a trade secret as a basis for non-disclosure unless the designating party also contemporaneously moves for additional protection of the Confidential Information pursuant to Fed. R. Civ. P. 26(c).

7. Any party seeking to tender, submit or file Confidential Information with the Court or any court in this litigation, shall file the material under seal, in a appropriately sealed envelope, with the following designation:

> SEALED PURSUANT TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ENTERED _____, 2007. The material enclosed has been designated confidential and may not be disclosed, disseminated or opened by any person except for appropriate court personnel or pursuant to court order.

This Confidentiality Agreement and Protective Order shall not be read to limit or affect the provisions of General Order No. 2:04-mc-3228 ("General Order Implementing Requirements of the E-Government Act"), which shall remain in full force and effect.

8. Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the Information in writing that such Information is Confidential Information. After notifying the receiving party, if the inadvertent disclosure was a Document, the producing party shall reproduce the Confidential Information and mark such Confidential Information "Confidential - Previously Inadvertently Disclosed." If the inadvertent disclosure was in testimonial form, the producing party shall state on the record as soon as possible after the

inadvertent disclosure that such Information was Confidential Information. The receiving party shall thereafter treat the Information as Confidential Information and shall take the steps it deems reasonably necessary to ensure that others who receive the Information treat it as Confidential Information.

9. If any party to the litigation receives from a third party a subpoena, discovery request or other demand for Confidential Information disclosed in this litigation, the party receiving the subpoena, discovery request or other demand for Confidential Information shall (1) immediately notify the party who produced the Confidential Information that it has received a demand for the Confidential Information; (2) take the steps reasonably necessary to preserve the confidentiality of the Confidential Information; and (3) reasonably cooperate with the designating party in seeking a protective order or other limitation by the court on disclosure of the Confidential Information. Under no circumstances shall the party receiving the request release any Information designated Confidential Information without prior written notice to the designating party.

10. Confidential Information, as so designated by the Parties, shall be kept confidential by the receiving party unless and until the Court rules that such information or documents are not Confidential Information, as provided in Paragraph 12 below.

11. The designation of Information as Confidential Information shall constitute a certification that the designating party believes in good faith that the Information is Confidential Information that is not in the public domain, that restrictions on disclosure are otherwise necessary to protect the privacy interests of individuals or that other good cause

exists under applicable law to restrict access to the Confidential Information. Disclosure of Confidential Information pursuant to this Confidentiality Agreement and Protective Order shall not be construed as a waiver of the confidential nature of the Confidential Information.

12. If any party believes that Information has been improperly designated as confidential and seeks to challenge that designation, it shall first confer with the designating party to resolve the dispute without the intervention of the Court. If it is not possible to resolve the dispute, the party designating the Confidential Information shall make a motion to the Court pursuant to Fed. R. Civ. P. 26(c). The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential but under no circumstances may a party or other person unilaterally decide to not treat Information designated as confidential as non-confidential or otherwise handle the Information under terms outside of this Confidentiality Agreement and Protective Order.

13. If a producing party realizes it has inadvertently produced a document it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity, it may contact the receiving party and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of any privilege or immunity if the producing party: (1) notifies the receiving party in writing of the delivery of inadvertently produced documents; and (2) identifies the produced documents by either bates number or other identifiers sufficient to identify the documents. The receiving party shall have ten (10) days within which it shall return to the producing party the inadvertently produced privileged documents and all copies thereof, and any notes made

regarding such documents must be immediately destroyed, unless the parties mutually agree upon a longer time for return and destruction of privileged documents. No use shall be made of such inadvertently produced materials during a deposition or at trial, nor shall such materials be shown to anyone (unless the person has already been given access to it) subsequent to the request for its return.

14. The Parties are relying upon this Confidentiality Agreement and Protective Order, and therefore, it may not be modified except by mutual agreement of the Parties in writing.

15. In the event that additional persons become parties to this litigation, they shall not have access to Confidential Information until the newly joined party, by court order, has been made subject to this Confidentiality Agreement and Protective Order.

16. The provisions of this Confidentiality Agreement and Protective Order shall survive and remain in full force and effect after the entry of final judgment (including appellate proceedings) in this case whether by settlement or litigation.

17. This agreement shall be governed by the Federal Rules of Civil Procedure and by Alabama law.

DONE this 20th day of July, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE